**Ex parte Leslie Daniel POTTER.**

**No. 15540.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

July 17, 1969.

Rehearing Denied Sept. 11, 1969.

Phillip L. Cyphers, Pasadina, for relator.

Original Proceeding

BELL, Chief Justice.

This is an original proceeding in which relator seeks his discharge from the custody of the Sheriff of Harris County. Relator is held by virtue of a commitment issued June 19, 1969, by the Court of Domestic Relations No. 2 of Harris County. He had been held in contempt of court for failure to pay child support fixed by a judgment rendered October 8, 1962. Upon the filing of his petition for Writ of Habeas Corpus, we granted the writ, admitted relator to bond and set the case for argument.

The judgment of October 8, 1962, fixed child support at $150.00 per month. On July 11, 1968, the trial court found relator guilty of contempt of court and found he was delinquent in the amount of $1200.00. The judgment of contempt provided he could purge himself by paying $300.00 immediately, $200.00 on August 1 and September 1, 1968 and $25.00 on the first day of each month thereafter until the delinquency had been paid. These payments were to be in addition to payments of the regular monthly payments. Commitment was withheld. However, it was provided that upon the failure of relator to make the delinquent payments as above specified commitment would issue, without further notice, upon certification by the Harris County Probation Office.

On November 16, 1968, a commitment was issued but was not served. However, on said date the court found relator was delinquent $850.00 but could purge himself by paying $500.00 immediately and thereafter paying $10.00 per month on the delinquency. No notice of this hearing was given relator. Relator paid the $500.00. This left a delinquency of $350.00.

On June 6, 1969 the Probation Office certified a delinquency of $990.00. This obviously includes delinquency in regular payments that had accrued since November 15, 1968 and the $350.00 remaining unpaid as of November 11, 1968 on the $1200.00 delinquency found to exist July 11, 1968.

From the record before us it appears that no motion for contempt has been filed since July 11, 1968. It also appears that relator has had no notice served on him of any proceedings since July 11, 1968. It further appears that the commitment under which relator is held directed that he be held in jail for three days and until he purged himself by paying $990.00. However, of this amount only $350.00 represented the delinquency which was a part of the $1200.00 found to be due July 11, 1968. The only judgment finding relator guilty of contempt of court after notice and hearing is that of July 11, 1968.

The result is that relator has been committed to jail for failure to pay $540.00 in current child support payments that accrued after July 11, 1968. He has never been served with notice to show cause why he should not be held in contempt for failure to make such payments and has not been a party to any such proceeding. To the extent that he is held in jail until he pays this $540.00 he is illegally restrained. He is entitled to requisite notice and hearing on the issue as to whether he is in contempt for failure to make current payments accruing since July 11, 1968.

It appears, however, that he owes $350.00 on the $1200.00 found to be due on July 11, 1968. He had notice and hearing on the motion for contempt and was held in contempt of court. To the extent that he was committed for failure to pay the $350.00 the commitment is valid.

There is no showing in this Court that relator cannot pay this $350.00. Relator will therefore be remanded to the custody of the Sheriff of Harris County until he purges himself by paying $350.00.

While we remand relator to custody and the Sheriff will proceed to arrest relator and hold him pending payment of $350.00, this order is without prejudice to the right of relator to proceed in the trial court to seek a determination that he cannot pay this amount. In case the trial court determines against him, he may obtain a review of such decision in a Court of Civil Appeals in a manner provided by law.

On Motion for Rehearing

In our original opinion we erroneously stated that relator was not given notice of the hearing of November 16, 1968, the date on which the court found relator still owed $850.00 on the delinquency of $1200.00 found by the court, after notice and hearing, July 11, 1968. The record does not reflect there was no notice of such hearing. However, the record does not reflect that at the November hearing the court found relator in contempt for failure to pay any new installments due between July 11, 1968 and November, 1968. Relator immediately after the November hearing paid $500.00, leaving a delinquency of $350.00.

In his motion for rehearing relator makes no complaint of our finding in the original opinion that there was, as reflected by the record, only $350.00 due on the delinquency found in July, except he urges that he should be given credit on the delinquency for payments allegedly made in 1969 on January 7, February 5 and March 26. The record before us reflects no such payments. If they were made, which is a matter that can be shown in the trial court, relator would be entitled to deduct these payments from the $350.00 that the record reflects was delinquent.

Further in his motion for rehearing relator urges that he be allowed a hearing here to show his inability to pay the delinquency. The development of the facts in this regard is, as we suggested in our original opinion, to be made in the trial court. See "Habeas Corpus Proceedings in the Supreme Court of Texas", St. Mary's Law Journal, Vol. 1, No. 1, pages 1–21, written by Associate Justice Joe Greenhill of the Supreme Court and Martin D. Beirne, Jr., Editor of the Law Journal.

Motion for rehearing overruled.